# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**UNITED STATES**

**v.**

**Airman First Class RYAN T. CLARK**
**United States Air Force**

**ACM S32201**

**11September 2014**

Sentence adjudged 2 October 2013 by SPCM convened at Dyess Air Force Base, Texas.  Military Judge:  Matthew S. Ward (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 3 months, forfeiture of $1,010.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Nicholas D. Carter.

Appellate Counsel for the United States:  Lieutenant Colonel Katherine E. Oler.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WEBER, Judge:

A military judge sitting as a special court-martial accepted the appellant's guilty pleas to one specification of violating a lawful general regulation by using spice, and one specification of making a false official statement regarding his spice use, in violation of Articles 92 and 107, UCMJ, 10 U.S.C. §§ 892, 907.  The military judge sentenced the appellant to a bad-conduct discharge, confinement for 3 months, forfeiture of $1,010 pay per month for 3 months, and reduction to E-1.  A pretrial agreement limited the appellant's term of confinement to 2 months if a punitive discharge was adjudged.

The appellant submitted this case without assigning any specific error. We note one obvious error in post-trial processing that requires correction.

After adjudging the sentence, the military judge examined the quantum portion of the pretrial agreement and appropriately noted that, since a bad-conduct discharge was adjudged, the convening authority could approve no more than 2 months of confinement. Counsel for both sides agreed with the military judge's interpretation. The staff judge advocate's recommendation (SJAR) also correctly noted this limitation and recommended the convening authority approve confinement for 2 months along with the remainder of the adjudged sentence.

Following the defense's clemency submission, the SJAR addendum inexplicably advised, "I recommend that you approve the findings and sentence as adjudged." Acting upon the addendum's recommendation, the convening authority's action approved the sentence as adjudged. A subsequent court-martial order also stated the sentence was approved as adjudged.

We find no evidence in the record that the appellant actually served more than two months of confinement as a result of this plain error. To the contrary, the appellant's clemency submission states, "I have completed my seven weeks of incarceration." Nonetheless, the appellant is entitled to the benefit of his bargain and to accurate court-martial records. In addition, the servicing legal office should be afforded another opportunity to accurately complete post-trial processing in this matter. We are disturbed by the lack of attention given to the post-trial processing of this case. It does not take a trained eye to immediately notice the disparity between the SJAR and its addendum. This causes us to question how closely the acting staff judge advocate examined the addendum he signed, and how closely the convening authority read both documents. This is also the second time we have recently seen the Government commit this same error. *See United States v. Watts*, ACM S32146 (A.F. Ct. Crim. App. 17 June 2014) (unpub. op.). In this case, we elect to merely order a new action. Should we find additional indications that staff judge advocates and convening authorities are not closely reading important post-trial processing documents, we will not hesitate to order entirely new post-trial processing or even sentence relief. *See generally United States v. Finster*, 51 M.J. 185 (C.A.A.F. 1999).

*Conclusion*

We return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the erroneous action and substitute a corrected one. *See* Rule for Courts-Martial 1107(g). Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, shall apply.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

ACM S32201